**JUDGE SULLIVAN**    **14 CV 3441**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAYER SADIAN,

                     Plaintiff,

      vs.

CORRECTIONAL OFFICER "FNU" (FIRST NAME
UNKNOWN) DIGIRONAMO; CORRECTIONAL
OFFICER TIMOTHY O'BRIEN; JOHN DOE
CORRECTIONAL SERGEANT WITH WHOM
PLAINTIFF INTERACTED IN THE MESS HALL
ON MAY 14, 2011; CORRECTIONAL LIEUTENANT
J. (full first name unknown) AFFRONTE;
CORRECTIONAL SERGEANT R.J. (full first name
unknown) FABIZIO; CORRECTIONAL SERGEANT
J. (full first name unknown) COFIELD; FISHKILL
CORRECTIONAL FACILITY SUPERINTENDENT
WILLIAM J. CONNOLLY; FISHKILL
CORRECTIONAL FACILITY DEPUTY
SUPERINTENDENT FOR SECURITY JAMES BELL;
JOHN DOES, and RICHARD ROES,

                   Defendants.
------------------------------------------------------------X

COMPLAINT AND
JURY DEMAND



## PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Eighth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth, Fifth, Eighth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3.      Plaintiff demands a trial by jury on each and every claim as pleaded herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff Mayer Sadian is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York.

6.      Defendants CORRECTIONAL OFFICER "FNU" (FIRST NAME UNKNOWN) DIGIRONAMO; CORRECTIONAL OFFICER TIMOTHY O'BRIEN; JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011; CORRECTIONAL LIEUTENANT J. (full first name unknown) AFFRONTE; CORRECTIONAL SERGEANT R.J. (full first name unknown) FABIZIO; CORRECTIONAL SERGEANT J. (full first name unknown) COFIELD; FISHKILL CORRECTIONAL FACILITY SUPERINTENDENT WILLIAM J. CONNOLLY; FISHKILL CORRECTIONAL FACILITY DEPUTY SUPERINTENDENT FOR SECURITY JAMES

BELL, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the State of New York and/or the New York State Department of Corrections and Community Supervision (DOCCS), an agency of the State of New York. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant the State of New York, were acting for, and on behalf of, and with the power and authority vested in him by the State of New York and DOCCS, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants CORRECTIONAL OFFICER "FNU" (FIRST NAME UNKNOWN) DIGIRONAMO; CORRECTIONAL OFFICER TIMOTHY O'BRIEN; JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011; CORRECTIONAL LIEUTENANT J. (full first name unknown) AFFRONTE; CORRECTIONAL SERGEANT R.J. (full first name unknown) FABIZIO; CORRECTIONAL SERGEANT J. (full first name unknown) COFIELD; FISHKILL CORRECTIONAL FACILITY SUPERINTENDENT WILLIAM J. CONNOLLY; FISHKILL CORRECTIONAL FACILITY DEPUTY SUPERINTENDENT FOR SECURITY JAMES BELL, and JOHN DOES are sued individually.

7. Defendants JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011; CORRECTIONAL LIEUTENANT J. (full first name unknown) AFFRONTE; CORRECTIONAL SERGEANT R.J. (full first name unknown) FABIZIO; CORRECTIONAL SERGEANT J. (full first name unknown) COFIELD, FISHKILL CORRECTIONAL FACILITY SUPERINTENDENT

WILLIAM J. CONNOLLY; FISHKILL CORRECTIONAL FACILITY DEPUTY SUPERINTENDENT FOR SECURITY JAMES BELL, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of the State of New York and/or DOCCS, responsible for the training, retention, supervision, discipline and control of correction officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011; CORRECTIONAL LIEUTENANT J. (full first name unknown) AFFRONTE; CORRECTIONAL SERGEANT R.J. (full first name unknown) FABIZIO; CORRECTIONAL SERGEANT J. (full first name unknown) COFIELD, FISHKILL CORRECTIONAL FACILITY SUPERINTENDENT WILLIAM J. CONNOLLY; FISHKILL CORRECTIONAL FACILITY DEPUTY SUPERINTENDENT FOR SECURITY JAMES BELL, and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

8. On May 14, 2011, Plaintiff was incarcerated at the Fishkill Correctional Facility.

9. At approximately 11:30 a.m., during the lunch hour in the 21A Mess Hall, Plaintiff was told by a Correctional Officer (whose identity is presently unknown) that he

could cut the food line in order to get his Kosher meal.

10. Another Correctional Officer – Correctional Officer O'BRIEN, on information and belief – told Plaintiff he could not cut the line and to go back to the end of the line.

11. After lunch, Plaintiff spoke with JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011 to attempt to explain what had transpired, as he was afraid he would be written up for an infraction.

12. As Plaintiff spoke with JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011, Correctional Officer DIGIRONAMO came and spoke privately with the Sergeant.

13. JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011 told Plaintiff that Correctional Officer DIGIRONAMO would explain to him how the situation would be dealt with.

14. Shortly thereafter, Correctional Officer DIGIRONAMO called Plaintiff out of the Mess Hall and closed the door, leaving Plaintiff and Correctional Officer DIGIRONAMO alone.

15. Correctional Officer DIGIRONAMO then smacked Plaintiff with great force in the left side of Plaintiff's head, and said, in sum and substance, "that's for talking to the Sergeant behind our back," and told Plaintiff to get out of there.

16. When Correctional Officer DIGIRONAMO struck Plaintiff it caused Plaintiff's yarmulke (Plaintiff is an observant, orthodox member of the Jewish religion) to fall to the ground.

17. Correctional Officer DIGIRONAMO called Plaintiff back, kicked Plaintiff's yarmulke, and said, in sum and substance, "take this shit with you too."

18. Due to the Correctional Officer DIGIRONAMO's blow to his head, Plaintiff has suffered a significant hearing loss, and now wears a hearing aid.

19. Plaintiff has had a significant amount of medical care stemming from the incident.

20. Plaintiff spoke with supervisory correctional staff at Fishkill Correctional Facility about the incident, on information and belief including Defendants FABIZIO, COFIELD and AFFRONTE.

21. An investigator named Frank Ortiz from the Inspector General's office also interviewed Plaintiff concerning the incident.

22. On information and belief, other inmates have made complaints concerning Defendant DIGIRONAMO's violation of their rights, including through the use of physical violence.

23. On information and belief, no disciplinary action – and no proper investigation(s) – has / have been taken concerning Defendant DIGIRONAMO stemming from this incident, or otherwise, by his supervisors, including Defendants AFFRONTE, FABIZIO, COFIELD, CONNOLLY, and BELL.

24. On information and belief, Defendants AFFRONTE, FABIZIO, COFIELD, CONNOLLY and BELL have been on notice of a continuing pattern of corrections staff violence against inmates, and of anti-semitic discrimination against inmates, including Plaintiff, at Fishkill Correctional Facility, but have not taken steps to discipline their subordinate staff

who have perpetrated same, or to otherwise seek to curb the existence of these abuses.

25.     On information and belief Defendant CONNOLLY was the Superintendent of Fishkill Correctional Facility on May 14, 2011, and remains in that position. As Superintendent CONNOLLY is the responsible for the safety and security of the inmates in his charge at the facility, and is responsible for the proper supervision, training and discipline of the correctional staff he oversees.

26.     On information and belief Defendant BELL was the Deputy Superintendent for Security of Fishkill Correctional Facility on May 14, 2011, and remains in that position. As Deputy Superintendent for Security BELL is the responsible for overseeing the uniformed personnel at the facility, and is responsible for the safety and security of the inmates in his charge at the facility, and is responsible for the proper supervision, training and discipline of the correctional staff he oversees.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

27.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28.     By their conduct and actions in assaulting and battering, inflicting emotional distress upon, violating and retaliating for the exercise of religion of, violating and retaliating for the exercise of free speech of, violating the rights to be free from cruel and unusual punishment of, violating the rights to equal protection of, violating the rights to due process of, conducting purposely flawed investigations and covering up the misconduct of themselves and their

colleagues, and failing to intervene to prevent the harm to, the Plaintiff, Defendants DIGIRONAMO; O'BRIEN; JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011; AFFRONTE; FABIZIO; COFIELD; CONNOLLY; BELL and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Eighth and Fourteenth amendments.

29. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers JOHN DOE CORRECTIONAL SERGEANT WITH WHOM PLAINTIFF INTERACTED IN THE MESS HALL ON MAY 14, 2011; AFFRONTE; FABIZIO; COFIELD; CONNOLLY; BELL, and RICHARD ROES caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth, Eighth and

Fourteenth amendments.

32. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured

### THIRD CLAIM

### CONSTITUTIONAL TORT

33. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 3, 5, 6, 8, 11 and 12 of the New York State Constitution.

35. A damages remedy here is necessary to effectuate the purposes of §§ 3, 5, 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

36. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

     a. Compensatory damages;

     b. Punitive damages;

     c. A declaratory judgment;

     d. The convening and empanelling of a jury to consider the merits of the claims herein;

     e. Costs and interest and attorney's fees;

     f. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York  
           May 12, 2014

                                          JEFFREY A. ROTHMAN, Esq.  
                                          315 Broadway, Suite 200  
                                          New York, New York 10007  
                                          (212) 227-2980  
                                          Attorney for Plaintiff